# EXHIBIT 1

FILE #131060-01/ll

DATE OF FILING:

INDEX #:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is:
Plaintiffs residence.

Plaintiff resides at:
8 On The Green, Apt. 2.
New Windsor, New York

SUPREME COURT STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------------------X
LAURIE VELEZ,

                                      Plaintiff(s),

        -against-                                    SUMMONS

YELLOWPAGES.COM LLC, YP LLC, YP HOLDINGS LLC, THRYV, INC. and
DANIEL SORTY,

                                    Defendant(s).
-------------------------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within −20− days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

                              Finkelstein & Partners, LLP
                              Attorneys for Plaintiff(s)
                              1279 Route 300, PO Box 1111
                              Newburgh, New York 12551
                              845-414-6208

                              _____
                              MICHAEL FELDMAN, ESQ.

Dated: 11/25/2025
DEFENDANT'S ADDRESS: SEE VERIFIED COMPLAINT

File#: 131060-01/ll

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ORANGE
----------------------------------------x
LAURIE VELEZ,

                      Plaintiff,

      -against-

YELLOWPAGES.COM LLC, YP LLC, YP
HOLDINGS LLC, THRYV, INC. and DANIEL
SORTY,

                    Defendants.
----------------------------------------x

        VERIFIED
        <u>COMPLAINT</u>

        Plaintiff by their attorneys Finkelstein & Partners, LLP, as and for a Verified Complaint, herein alleges the following:

    1. That at all times hereinafter mentioned plaintiff, LAURIE VELEZ, was and is a resident of County of Orange, State of New York.

    2. That at all times hereinafter mentioned, plaintiff, LAURIE VELEZ, was and is an independent contractor who works as a licensed massage therapist at 190 South Plank Road, Suite 9, Newburgh, County of Orange, State of New York.

    3. That at all times hereinafter mentioned, upon

information and belief, the defendant, YELLOWPAGES.COM LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

4.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, was and still is a foreign limited liability company duly incorporated within the State of Delaware.

5.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, was and still is a foreign limited liability company duly authorized and doing business within the State of New York.

6.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, was and still is a business entity doing business within the State of New York.

7.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

8.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, was and still is a foreign limited liability company duly incorporated within the State of Michigan.

2

9.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, was and still is a foreign limited liability company duly authorized and doing business within the State of New York.

10.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, was and still is a business entity doing business within the State of New York.

11.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

12.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, was and still is a foreign limited liability company duly incorporated within the State of Delaware.

13.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, was and still is a foreign limited liability company duly authorized and doing business within the State of New York.

14.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, was and still is a business entity doing business within the State of New York.

3

15.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

16.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., was and still is a foreign corporation duly authorized and doing business within the State of New York.

17.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., was and still is a business entity doing business within the State of New York.

18.   That at all times hereinafter mentioned, upon information and belief, the defendant, DANIEL SORTY, was and still is a resident of the State of New York.

19.   That at all times hereinafter mentioned, upon information and belief, the defendant, DANIEL SORTY, was and still is a resident outside the State of New York doing business inside the State of New York.

20.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, is the parent company of defendant, YP HOLDINGS LLC.

21.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, operates

as a subsidiary of defendant, THRYV, INC.

22.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC is part of defendant, YP HOLDINGS LLC, which operates as a subsidiary of defendant, THRYV, INC.

23.   That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, is a digital advertising agency providing business listings and marketing solutions.

24.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, is a digital advertising agency providing business listings and marketing solutions.

25.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, is a digital advertising agency providing business listings and marketing solutions.

26.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., is a digital advertising agency providing business listings and marketing solutions.

27. That at all times hereinafter mentioned, upon information and belief, defendant, YELLOWPAGES.COM LLC, disseminates business listings and information to the public at

large using an internet web address www.yellowpages.com.

28.  That at all times hereinafter mentioned, upon information and belief, defendant, YP LLC, disseminates business listings and information to the public at large using an internet web address www.yellowpages.com.

29.  That at all times hereinafter mentioned, upon information and belief, defendant, YP HOLDINGS LLC, disseminates business listings and information to the public at large using an internet web address www.yellowpages.com.

30.  That at all times hereinafter mentioned, upon information and belief, defendant, THRYV, INC., disseminates business listings and information to the public at large using an internet web address www.yellowpages.com.

31.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, was the owner of a digital advertising agency providing business listings and marketing solutions.

32.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, maintains the aforesaid digital advertising agency.

33.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, controls the aforesaid digital advertising agency.

34.  That at all times hereinafter mentioned, upon

information and belief, the defendant, YELLOWPAGES.COM LLC, operates the aforesaid digital advertising agency.

35.  That at all times hereinafter mentioned, upon information and belief, the defendant, YELLOWPAGES.COM LLC, manages the aforesaid digital advertising agency.

36.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, was the owner of a digital advertising agency providing business listings and marketing solutions.

37.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, maintains the aforesaid digital advertising agency.

38.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, controls the aforesaid digital advertising agency.

39.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, operates the aforesaid digital advertising agency.

40.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP LLC, manages the aforesaid digital advertising agency.

41.  That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, was the owner of a digital advertising agency providing business

listings and marketing solutions.

42.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, maintains the aforesaid digital advertising agency.

43.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, controls the aforesaid digital advertising agency.

44.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, operates the aforesaid digital advertising agency.

45.   That at all times hereinafter mentioned, upon information and belief, the defendant, YP HOLDINGS LLC, manages the aforesaid digital advertising agency.

46.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., was the owner of a digital advertising agency providing business listings and marketing solutions.

47.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., maintains the aforesaid digital advertising agency.

48.   That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., controls the aforesaid digital advertising agency.

49.   That at all times hereinafter mentioned, upon

8

information and belief, the defendant, THRYV, INC., operates the aforesaid digital advertising agency.

50.  That at all times hereinafter mentioned, upon information and belief, the defendant, THRYV, INC., manages the aforesaid digital advertising agency.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, YELLOWPAGES.COM LLC

51.  This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

52.  That on a date prior to the 7th day of February, 2025, the plaintiff was listed on Yellowpages.com as a licensed massage therapist.

53.  That on a date prior to the 7th day of February, 2025, the plaintiff contacted defendant, YELLOWPAGES.COM LLC, and spoke with defendant, DANIEL SORTY, to update her business listing.

54.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YELLOWPAGES.COM LLC.

55.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by

9

defendant, YELLOWPAGES.COM LLC.

56. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is retained by defendant, YELLOWPAGES.COM LLC.

57. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is managed by defendant, YELLOWPAGES.COM LLC.

58. That on or about the 7th day of February, 2025, the plaintiff "googled" herself and when doing so, saw that her business was listed by defendants as "exotic", "Russian" and "nude, gay massage".

59. That on a date prior to the 7th day of February, 2025, upon information and belief, the defendant, YELLOWPAGES.COM LLC, did publish, on www.yellowpages.com, an update of plaintiff's business by characterizing her business as "exotic", "Russian" and "nude, gay massage", and continued to publish that characterization of plaintiff's business. See attached statements.

60. That the above statements were published by defendant, YELLOWPAGES.COM LLC.

61. That the above statements that were published in paragraph 59 hereinabove were false, inaccurate and not true.

62. That the above statements that were published in paragraph 59 hereinabove were knowingly made without regard to

Case 7:26-cv-00019   Document 1-1   Filed 01/02/26   Page 13 of 44

the truth of matters asserted.

63. That the above statements that were published in paragraph 59 hereinabove were recklessly made without regard to the truth of matter asserted.

64. That the above false and inaccurate statements that were published in paragraph 59 hereinabove have harmed and will continue to harm plaintiff in her personal capacity.

65. That the above false and inaccurate statements that were published in paragraph 59 hereinabove have harmed and will continue to harm plaintiff in her business and professional capacity.

66. That these statements that were published in paragraph 59 hereinabove set forth herein are defamatory to plaintiff.

67. That these statements that were published in paragraph 59 hereinabove constitute defamation and defamation per se.

68. That the dissemination and publication of these statements that were published in paragraph 59 hereinabove and libel has been and continues and the publication of these false and defamatory statements continues to be shared and further distributed on the internet.

69. That these statements that were published in paragraph 59 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her personal capacity.

11

70.   That these statements that were published in paragraph 59 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her professional capacity.

71.   That several days after the 7th day of February, 2025, the plaintiff did contact defendant, YELLOWPAGES.COM LLC, including defendant, DANIEL SORTY, to have her business listing corrected and/or removed.

72.   That despite the verbal request for correction and/or removal of her business listing, the defendant, YELLOWPAGES.COM LLC, continues to publish this information to the public.

73.   That the above-described conduct by this defendant was intentional, wanton, reckless, and morally culpable, thereby also entitling plaintiff to punitive damages.

74.   As the result of the foregoing, plaintiff suffered severe damage to her personal and professional reputation; severe damage to her business reputation and significant loss of business; and severe personal, emotional and psychological injuries and distress.

75.   That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS

12

**AGAINST DEFENDANT, YELLOWPAGES.COM LLC**

76. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

77. That these statements, actions and/or omissions that were published in paragraph 59 hereinabove constitute negligent infliction of emotional distress.

78. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS**
**AGAINST DEFENDANT, YELLOWPAGES.COM LLC**

79. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

80. That these statements, actions and/or omissions that were published in paragraph 59 hereinabove constitute intentional infliction of emotional distress.

81. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

13

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, YP LLC

82. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

83. That on a date prior to the 7th day of February, 2025, the plaintiff was listed on Yellowpages.com as a licensed massage therapist.

84. That on a date prior to the 7th day of February, 2025, the plaintiff contacted defendant, YP LLC, and spoke with defendant, DANIEL SORTY, to update her business listing.

85. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YP LLC.

86. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, YP LLC.

87. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is retained by defendant, YP LLC.

88. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is managed by

14

defendant, YP LLC.

89. That on or about the 7th day of February, 2025, the plaintiff "googled" herself and when doing so, saw that her business was listed by defendants as "exotic", "Russian" and "nude, gay massage".

90. That on a date prior to the 7th day of February, 2025, upon information and belief, the defendant, YP LLC, did publish, on www.yellowpages.com, an update of plaintiff's business by characterizing her business as "exotic", "Russian" and "nude, gay massage", and continued to publish that characterization of plaintiff's business. See attached statements.

91. That the above statements were published by defendant, YP LLC.

92. That the above statements that were published in paragraph 90 hereinabove were false, inaccurate and not true.

93. That the above statements that were published in paragraph 90 hereinabove were knowingly made without regard to the truth of matters asserted.

94. That the above statements that were published in paragraph 90 hereinabove were recklessly made without regard to the truth of matter asserted.

95. That the above false and inaccurate statements that were published in paragraph 90 hereinabove have harmed and will continue to harm plaintiff in her personal capacity.

15

96. That the above false and inaccurate statements that were published in paragraph 90 hereinabove have harmed and will continue to harm plaintiff in her business and professional capacity.

97. That these statements that were published in paragraph 90 hereinabove set forth herein are defamatory to plaintiff.

98. That these statements that were published in paragraph 90 hereinabove constitute defamation and defamation per se.

99. That the dissemination and publication of these statements that were published in paragraph 90 hereinabove and libel has been and continues and the publication of these false and defamatory statements continues to be shared and further distributed on the internet.

100. That these statements that were published in paragraph 90 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her personal capacity.

101. That these statements that were published in paragraph 90 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her professional capacity.

102. That several days after the 7th day of February, 2025, the plaintiff did contact defendant, YP LLC, including

16

defendant, DANIEL SORTY, to have her business listing corrected and/or removed.

103.   That despite the verbal request for correction and/or removal of her business listing, the defendant, YP LLC, continues to publish this information to the public.

104.   That the above-described conduct by this defendant was intentional, wanton, reckless, and morally culpable, thereby also entitling plaintiff to punitive damages.

105.   As the result of the foregoing, plaintiff suffered severe damage to her personal and professional reputation; severe damage to her business reputation and significant loss of business; and severe personal, emotional and psychological injuries and distress.

106.   That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, YP LLC**

107.   This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

108.   That these statements, actions and/or omissions that

17

were published in paragraph 90 hereinabove constitute negligent infliction of emotional distress.

109. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, YP LLC

110. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

111. That these statements, actions and/or omissions that were published in paragraph 90 hereinabove constitute intentional infliction of emotional distress.

112. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, YP HOLDINGS LLC

113. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

114.  That on a date prior to the 7th day of February, 2025, the plaintiff was listed on Yellowpages.com as a licensed massage therapist.

115.  That on a date prior to the 7th day of February, 2025, the plaintiff contacted defendant, YP HOLDINGS LLC, and spoke with defendant, DANIEL SORTY, to update her business listing.

116.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YP HOLDINGS LLC.

117. That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, YP HOLDINGS LLC.

118.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is retained by defendant, YP HOLDINGS LLC.

119.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is managed by defendant, YP HOLDINGS LLC.

120.  That on or about the 7th day of February, 2025, the plaintiff "googled" herself and when doing so, saw that her business was listed by defendants as "exotic", "Russian" and "nude, gay massage".

121.  That on a date prior to the 7th day of February, 2025, upon information and belief, the defendant, YP HOLDINGS LLC, did

publish, on www.yellowpages.com, an update of plaintiff's
business by characterizing her business as "exotic", "Russian"
and "nude, gay massage", and continued to publish that
characterization of plaintiff's business. See attached
statements.

122.   That the above statements were published by
defendant, YP HOLDINGS LLC.

123.   That the above statements that were published in
paragraph 121 hereinabove were false, inaccurate and not true.

124.   That the above statements that were published in
paragraph 121 hereinabove were knowingly made without regard to
the truth of matters asserted.

125.   That the above statements that were published in
paragraph 121 hereinabove were recklessly made without regard to
the truth of matter asserted.

126.   That the above false and inaccurate statements that
were published in paragraph 121 hereinabove have harmed and will
continue to harm plaintiff in her personal capacity.

127.   That the above false and inaccurate statements that
were published in paragraph 121 hereinabove have harmed and will
continue to harm plaintiff in her business and professional
capacity.

128.   That these statements that were published in
paragraph 121 hereinabove set forth herein are defamatory to

plaintiff.

129.   That these statements that were published in paragraph 121 hereinabove constitute defamation and defamation per se.

130.   That the dissemination and publication of these statements that were published in paragraph 121 hereinabove and libel has been and continues and the publication of these false and defamatory statements continues to be shared and further distributed on the internet.

131.   That these statements that were published in paragraph 121 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her personal capacity.

132.   That these statements that were published in paragraph 121 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her professional capacity.

133.   That several days after the 7th day of February, 2025, the plaintiff did contact defendant, YP HOLDINGS LLC, including defendant, DANIEL SORTY, to have her business listing corrected and/or removed.

134.   That despite the verbal request for correction and/or removal of her business listing, the defendant, YP HOLDINGS LLC,

continues to publish this information to the public.

135.   That the above-described conduct by this defendant was intentional, wanton, reckless, and morally culpable, thereby also entitling plaintiff to punitive damages.

136.   As the result of the foregoing, plaintiff suffered severe damage to her personal and professional reputation; severe damage to her business reputation and significant loss of business; and severe personal, emotional and psychological injuries and distress.

137.   That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, YP HOLDINGS LLC**

138.   This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

139.   That these statements, actions and/or omissions that were published in paragraph 121 hereinabove constitute negligent infliction of emotional distress.

22

Case 7:26-cv-00019    Document 1-1    Filed 01/02/26    Page 25 of 44

140.   That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, YP HOLDINGS LLC**

141.   This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

142.   That these statements, actions and/or omissions that were published in paragraph 121 hereinabove constitute intentional infliction of emotional distress.

143.   That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS AGAINST DEFENDANT, THRYV, INC.**

144.   This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

145.   That on a date prior to the 7th day of February, 2025, the plaintiff was listed on Yellowpages.com as a licensed

23

massage therapist.

146.  That on a date prior to the 7th day of February, 2025, the plaintiff contacted defendant, THRYV, INC., and spoke with defendant, DANIEL SORTY, to update her business listing.

147.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, THRYV, INC.

148.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, THRYV, INC.

149.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is retained by defendant, THRYV, INC.

150.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is managed by defendant, THRYV, INC.

151.  That on or about the 7th day of February, 2025, the plaintiff "googled" herself and when doing so, saw that her business was listed by defendants as "exotic", "Russian" and "nude, gay massage".

152.  That on a date prior to the 7th day of February, 2025, upon information and belief, the defendant, THRYV, INC., did publish, on www.yellowpages.com, an update of plaintiff's business by characterizing her business as "exotic", "Russian"

24

and "nude, gay massage", and continued to publish that characterization of plaintiff's business. See attached statements.

153.  That the above statements were published by defendant, THRYV, INC.

154.  That the above statements that were published in paragraph 152 hereinabove were false, inaccurate and not true.

155.  That the above statements that were published in paragraph 152 hereinabove were knowingly made without regard to the truth of matters asserted.

156.  That the above statements that were published in paragraph 152 hereinabove were recklessly made without regard to the truth of matter asserted.

157.  That the above false and inaccurate statements that were published in paragraph 152 hereinabove have harmed and will continue to harm plaintiff in her personal capacity.

158.  That the above false and inaccurate statements that were published in paragraph 152 hereinabove have harmed and will continue to harm plaintiff in her business and professional capacity.

159.  That these statements that were published in paragraph 152 hereinabove set forth herein are defamatory to plaintiff.

160.  That these statements that were published in

25

paragraph 152 hereinabove constitute defamation and defamation per se.

161.  That the dissemination and publication of these statements that were published in paragraph 152 hereinabove and libel has been and continues and the publication of these false and defamatory statements continues to be shared and further distributed on the internet.

162.  That these statements that were published in paragraph 152 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her personal capacity.

163.  That these statements that were published in paragraph 152 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her professional capacity.

164.  That several days after the 7th day of February, 2025, the plaintiff did contact defendant, THRYV, INC., including defendant, DANIEL SORTY, to have her business listing corrected and/or removed.

165.  That despite the verbal request for correction and/or removal of her business listing, the defendant, YP HOLDINGS LLC, continues to publish this information to the public.

166.  That the above-described conduct by this defendant

was intentional, wanton, reckless, and morally culpable, thereby also entitling plaintiff to punitive damages.

167. As the result of the foregoing, plaintiff suffered severe damage to her personal and professional reputation; severe damage to her business reputation and significant loss of business; and severe personal, emotional and psychological injuries and distress.

168. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, THRYV, INC.**

169. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

170. That these statements, actions and/or omissions that were published in paragraph 152 hereinabove constitute negligent infliction of emotional distress.

171. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A TWELFTH CAUSE OF ACTION**

27

**ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, THRYV, INC.**

172.    This plaintiff repeats, reiterates and realleges each
and every allegation contained in the above complaint with the
same force and effect as if more fully set forth herein at
length.

173.    That these statements, actions and/or omissions that
were published in paragraph 152 hereinabove constitute
intentional infliction of emotional distress.

174.    That by reason of the foregoing, this plaintiff was
damaged in the amount of FIFTEEN MILLION ($15,000,000.00)
DOLLARS.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, DANIEL SORTY**

175.    This plaintiff repeats, reiterates and realleges each
and every allegation contained in the above complaint with the
same force and effect as if more fully set forth herein at
length.

176.    That on a date prior to the 7th day of February, 2025,
the plaintiff was listed on Yellowpages.com as a licensed
massage therapist.

177.    That on a date prior to the 7th day of February, 2025,

the plaintiff contacted defendants and spoke with defendant, DANIEL SORTY, to update her business listing.

178.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YELLOWPAGES.COM INC.

179.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YP LLC.

180.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, YP HOLDINGS LLC

181.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is an agent, servant and/or employee of defendant, THRYV, INC.

182.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, YP LLC.

183.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, YP HOLDINGS LLC.

184.  That at all times hereinafter mentioned, upon information and belief, defendant, DANIEL SORTY, is employed by defendant, THRYV, INC.

185.  That at all times hereinafter mentioned, upon

29

information and belief, defendant, DANIEL SORTY, is retained by

defendant, YELLOWPAGES.COM INC.

186. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is retained by

defendant, YP LLC.

187. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is retained by

defendant, YP HOLDINGS LLC.

188. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is retained by

defendant, THRYV, INC.

189. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is managed by

defendant, YELLOWPAGES.COM INC.

190. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is managed by

defendant, YP LLC.

191. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is managed by

defendant, YP HOLDINGS LLC.

192. That at all times hereinafter mentioned, upon

information and belief, defendant, DANIEL SORTY, is managed by

defendant, THRYV, INC.

193. That on or about the 7th day of February, 2025, the

plaintiff "googled" herself and when doing so, saw that her business was listed by defendants as "exotic", "Russian" and "nude, gay massage".

194.   That on a date prior to the 7th day of February, 2025, upon information and belief, the defendant, DANIEL SORTY, did publish, on www.yellowpages.com, an update of plaintiff's business by characterizing her business as "exotic", "Russian" and "nude, gay massage", and continued to publish that characterization of plaintiff's business. See attached statements.

195. That the above statements were published by defendant, DANIEL SORTY.

196.   That the above statements that were published in paragraph 194 hereinabove were false, inaccurate and not true.

197.   That the above statements that were published in paragraph 194 hereinabove were knowingly made without regard to the truth of matters asserted.

198.   That the above statements that were published in paragraph 194 hereinabove were recklessly made without regard to the truth of matter asserted.

199.   That the above false and inaccurate statements that were published in paragraph 194 hereinabove have harmed and will continue to harm plaintiff in her personal capacity.

200.   That the above false and inaccurate statements that

Case 7.26-cv-00019   Document 1-1   Filed 01/02/26   Page 34 of 44

were published in paragraph 194 hereinabove have harmed and will continue to harm plaintiff in her business and professional capacity.

201.  That these statements that were published in paragraph 194 hereinabove set forth herein are defamatory to plaintiff.

202.  That these statements that were published in paragraph 194 hereinabove constitute defamation and defamation per se.

203.  That the dissemination and publication of these statements that were published in paragraph 194 hereinabove and libel has been and continues and the publication of these false and defamatory statements continues to be shared and further distributed on the internet.

204.  That these statements that were published in paragraph 194 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her personal capacity.

205.  That these statements that were published in paragraph 194 hereinabove were made without regard to the truth and were meant to deliberately hurt or harm the plaintiff and will continue to harm the plaintiff in her professional capacity.

206.  That several days after the 7th day of February, 2025,

the plaintiff did contact defendant, DANIEL SORTY, to have her business listing corrected and/or removed.

207.  That despite the verbal request for correction and/or removal of her business listing, the defendant, DANIEL SORTY, continues to publish this information to the public.

208.  That the above-described conduct by this defendant was intentional, wanton, reckless, and morally culpable, thereby also entitling plaintiff to punitive damages.

209.  As the result of the foregoing, plaintiff suffered severe damage to her personal and professional reputation; severe damage to her business reputation and significant loss of business; and severe personal, emotional and psychological injuries and distress.

210.  That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, DANIEL SORTY**

211.  This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

212.  That these statements, actions and/or omissions that

Case 7:26-cv-00019   Document 1-1   Filed 01/02/26   Page 36 of 44

were published in paragraph 194 hereinabove constitute negligent infliction of emotional distress.

213. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, LAURIE VELEZ AS
AGAINST DEFENDANT, DANIEL SORTY**

214. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

215. That these statements, actions and/or omissions that were published in paragraph 194 hereinabove constitute intentional infliction of emotional distress.

216. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, LAURIE VELEZ**

217. This plaintiff repeats, reiterates and realleges each and every allegation contained in the above complaint with the same force and effect as if more fully set forth herein at length.

Case 7.26-cv-00019    Document 1-1    Filed 01/02/26    Page 37 of 44

218. That the above statements are sufficiently egregious so as to entitle plaintiff to punitive damages.

219. That by reason of the foregoing, this plaintiff was damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

(1) In the sum of $15,000,000.00, on the First Cause of Action, and in addition thereto punitive damages;

(2) In the sum of $15,000,000.00, on the Second Cause of Action, and in addition thereto punitive damages;

(3) In the sum of $15,000,000.00, on the Third Cause of Action, and in addition thereto punitive damages;

(4) In the sum of $15,000,000.00, on the Fourth Cause of Action, and in addition thereto punitive damages;

(5) In the sum of $15,000,000.00, on the Fifth Cause of Action, and in addition thereto punitive damages;

(6) In the sum of $15,000,000.00, on the Sixth Cause of Action, and in addition thereto punitive damages;

(7) In the sum of $15,000,000.00, on the Seventh Cause of Action, and in addition thereto punitive damages;

(8) In the sum of $15,000,000.00, on the Eighth Cause of Action, and in addition thereto punitive damages;

(9) In the sum of $15,000,000.00, on the Ninth Cause of

Action, and in addition thereto punitive damages;

(10) In the sum of $15,000,000.00, on the Tenth Cause of Action, and in addition thereto punitive damages;

(11) In the sum of $15,000,000.00, on the Eleventh Cause of Action, and in addition thereto punitive damages;

(12) In the sum of $15,000,000.00, on the Twelfth Cause of Action, and in addition thereto punitive damages;

(13) In the sum of $15,000,000.00, on the Thirteenth Cause of Action, and in addition thereto punitive damages;

(14) In the sum of $15,000,000.00, on the Fourteenth Cause of Action, and in addition thereto punitive damages;

(15) In the sum of $15,000,000.00, on the Fifteenth Cause of Action, and in addition thereto punitive damages, and

(16) In the sum of $15,000,000.00, on the Sixteenth Cause of Action, and in addition thereto punitive damages, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
1279 Route 300
P.O. Box 1111
Newburgh, New York 12550

BY: _____
MICHAEL FELDMAN, ESQ.

36

```
TO:  YELLOWPAGES.COM LLC
     Defendant
     Corporation Service Company
     251 Little Falls Drive
     Wilmington, DE 19808

     YP LLC
     Defendant
     1154 Langeland Avenue
     Muskegon, MI 49442

     YP HOLDINGS LLC
     Defendant
     The Corporation Trust Company
     Corporation Trust Center
     1209 Orange Street
     Wilmington, DE 19801

     THRYV, INC.
     Defendant
     c/o Secretary of State
     One Commerce Plaza
     Albany, NY  12231

     DANIEL SORTY
     Defendant
     c/o YELLOWPAGES.COM LLC
     Corporation Service Company
     251 Little Falls Drive
     Wilmington, DE 19808
```

37

STATE OF NEW YORK    :    COUNTY OF ORANGE              ss:

LAURIE VELEZ, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
LAURIE VELEZ

Sworn to before me on
December  3  , 2025.

_____
NOTARY PUBLIC

DANA M KLIMA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KL0001476
Qualified in Orange County
Commission Expires February 14, 20 27



Show more images ▾



Yellow Pages
https://www.yellowpages.com › NY › Newburgh ⋮

## Nude Gay Massage in Newburgh, NY with Reviews

Laurie Velez LMT, RM. **190 S Plank Rd Ste 9. Newburgh, NY**. (1). 14 Years. in Business · Massage TherapistsMassage ServicesHolistic ...



